```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
TRUSTEES OF THE SHEET METAL
WORKERS PRODUCTION WORKERS
WELFARE FUND, et al.,

                    Plaintiffs,
                                                    MEMORANDUM & ORDER
        - against -                                 05 Civ. 1800 (DRH) (WDW)

SOUTHBAY AIR SYSTEMS, LLC,
ATLANTIC AIR SYSTEMS, INC., d/b/a
SOUTHBAY AIR SYSTEMS, and
SOUTHBAY AIR SYSTEMS,

                    Defendants.
----------------------------------X
ATLANTIC AIR SYSTEMS, INC., d/b/a
SOUTHBAY AIR SYSTEMS,

            Defendant/Third Party Plaintiff,

        - against -

MICHAEL McCARTHY and LAWRENCE
RAIMONDI,

            Third Party Defendants.
----------------------------------X
```

**APPEARANCES:**

**McCABE & ASSOCIATES**
Attorney for Defendant/Third Party Plaintiff
10 Rockefeller Plaza, Suite 900
New York, NY 10020
By: Gerard McCabe, Esq.

**ROE WALLACE ESTEVE TAROFF & TAITZ, LLP**
Attorneys for Third-Party Defendants
31 Oak Street, Box 352

Patchogue, New York
By: Paula Wetstein, Esq.

**HURLEY, Senior District Judge:**

*INTRODUCTION*

Plaintiffs Trustees of the Sheet Metal Workers Production Workers Welfare Fund, et al. ("Trustees"), brought the present suit against Defendants Southbay Air Systems, LLC, Atlantic Air Systems d/b/a Southbay Air Systems, and Southbay Air Systems alleging that Defendants breached various fiduciary duties that are forth in the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1104. Defendant Atlantic Air Systems d/b/a Southbay Air Systems ("Atlantic Air") subsequently brought a third-party complaint against Third-Party Defendants Michael McCarthy ("McCarthy") and Lawrence Raimondi ("Raimondi") (collectively "Third-Party Defendants") also alleging ERISA violations. Third-Party Defendants now move to dismiss the Third Party Complaint ("TPC") under the theory that Atlantic Air lacks standing pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(1), that Atlantic Air has failed to state a claim pursuant to Rule 12(b)(6) or, alternatively, that the motion should be stricken pursuant to Rule 14(a). Finding that Atlantic Air has failed to establish that it has standing to bring the present suit under ERISA, the Court GRANTS Third-Party Defendants' motion to dismiss.

*BACKGROUND*

The following summary of facts is drawn from the TPC, and the First-Party Complaint, to the extent it is incorporated by reference. First-Party Plaintiffs are the trustees of jointly administered, multi-employer, labor management trust funds. The funds are established and

maintained by the union and various employers pursuant to the terms of the collective bargaining agreement. First-Party Defendant/Third-Party Plaintiff Atlantic Air is a corporation with its principal place of business in Hauppauge, New York. Third-Party Defendants McCarthy and Raimondi are shareholders and former controlling officers of Atlantic Air.

First-Party Plaintiffs brought suit to recover for monies owed the union and various benefit funds from First-Party Defendants. Atlantic Air, one of the First-Party Defendants, then brought suit against McCarthy and Raimondi. They were "controlling corporate officials and charged with paying benefits to the [First-Party] plaintiffs from August, 2003 until approximately April 1, 2004." (TPC ¶ 10.) During that time, Atlantic Air alleges that McCarthy and Raimondi "looted assets from Atlantic Air" (*Id.*) and that, upon discovery, they were fired by David Wood ("Wood"), the only other shareholder and corporate officer.

As a result of the "looting," Wood was forced to "make arrangement[s] for short term financing to pay off the massive debt owed to the plaintiff [Trustees]." (*Id.* ¶ 11.) The TPC alleges that this debt of "almost $200,000" (*id.* ¶ 12) was paid off by Wood during April and May of 2004 from loans that he procured from family members (*id.* ¶ 11).

After the Trustees filed their complaint on April 11, 2005, Atlantic Air filed the TPC on June 23, 2005. Third-Party Defendants subsequently moved to dismiss the TPC, and Atlantic Air opposed the motion.

*STANDARD*

Questions of standing and ERISA coverage implicate the court's subject matter jurisdiction. *Toussaint v. JJ Weiser & Co.*, No. 04 Civ. 2592 (MBM), 2005 WL 356834, at *4 (S.D.N.Y. Feb. 13, 2005) (citing *Moore v. PaineWebber, Inc.*, 189 F.3d 165, 169 n.3 (2d

Cir.1999)). When considering a motion to dismiss pursuant to Rule 12(b)(1), the court must take all facts alleged in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *Raila v. United States*, 355 F.3d 118, 119 (2d Cir. 2004); *see also Juvenile Matters Trial Lawyers Ass'n v. Judicial Dep't*, 363 F. Supp. 2d 239, 243 (D. Conn. 2005). "The court may not dismiss a complaint unless it appears beyond doubt, even when the complaint is liberally construed, that the plaintiff can prove no set of facts which would entitle him to relief." *Jaghory v. New York State Dep't of Educ.*, 131 F.3d 326, 329 (2d Cir. 1997) (quotation marks omitted). However, "[i]t is the affirmative burden of the party invoking [federal subject matter] jurisdiction . . . to proffer the necessary factual predicate-not just an allegation in a complaint-to support jurisdiction." *London v. Polishook*, 189 F.3d 196, 199 (2d Cir. 1999) (citations omitted); *see also Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 507 (2d Cir. 1994) ("In determining whether a plaintiff has met this burden, we will not draw argumentative inferences in the plaintiff's favor"). Also, "[i]n resolving a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), a district court . . . may refer to evidence outside the pleadings." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000) (citing *Kamen v. American Tel. & Tel. Co.*, 791 F.2d 1006, 1011 (2d Cir. 1986)); *compare Courtenay Comm. Corp. v. Hall*, 334 F.3d 210, 213 (2d Cir. 2003) ("When presented with a 12(b)(6) motion, the district court may not consider matters outside of the pleadings without converting the motion into a motion for summary judgment").

*DISCUSSION*

Third Party Defendants McCarthy and Raimondi argue that Atlantic Air is an employer, and, as such, it lacks ERISA standing. (TPD's Mem. at 4-6.) Atlantic Air counters that the

definition of the term "fiduciary" should be construed "functionally," such that it should be considered a plan fiduciary within the meaning of ERISA. (Atlantic Air's Opp'n Mem. at 5.)

"ERISA is a 'comprehensive and reticulated statute,' which Congress adopted after careful study of private retirement pension plans." *Alessi v. Raybestos-Manhattan, Inc.*, 451 U.S. 504, 510 (1981) (quoting *Nachman Corp. v. Pension Benefit Guar. Corp.*, 446 U.S. 359, 361 (1980)). When considering issues of standing, the Second Circuit has held that the statutory intent was to "afford standing to those within the zone of interests ERISA was intended to protect." *Mullins v. Pfizer, Inc.*, 23 F.3d 663, 668 (2d Cir. 1994) (citation omitted).

Atlantic Air's claim is brought pursuant to under 29 U.S.C. § 1132(a)(3). Section 1132(a)(3) allows "a participant, beneficiary, or fiduciary"[1] to bring a civil action challenging other violations of ERISA. The Supreme Court has construed these provisions narrowly to allow only the stated categories of parties to sue for relief directly under ERISA. *See Franchise Tax Bd. v. Construction Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 27 (1983) ("ERISA carefully enumerates the parties entitled to seek relief under [§ 502(a)(3)]; it does not provide anyone other than participants, beneficiaries, or fiduciaries with an express cause of action . . . ."). The Second Circuit has followed on these well-marked paths, stating that § 1132(a)(3) "names only three classes of persons who may commence an action," those being: (1) a participant or beneficiary, (2) the Secretary of Labor, and (3) a fiduciary. *Chemung Canal Trust Co. v. Sovran Bank/Maryland*, 939 F.2d 12, 14 (2d Cir. 1991); *see also Harris Trust & Sav. Bank*

---

[1] The term "participant" is statutorily defined as "any employee or former employee of an employer, . . . who is or may become eligible to receive a benefit of any type from an employee benefit plan . . . ." ERISA § 3(7), 29 U.S.C. § 1002(7). The term "beneficiary" means "a person designated by a participant, or by the terms of an employee benefit plan, who is or may become entitled to a benefit thereunder." *Id*. § 1002(8).

*v. Salomon Smith Barney, Inc.,* 530 U.S. 238, 247 (2000) (finding that ERISA Section 502(a)(3) strictly limits the "universe of plaintiffs who may bring certain civil actions."); *Franchise Tax Bd.*, 463 U.S. at 27 ("ERISA carefully enumerates the parties entitled to seek relief under [§ 502(a)(3)]; it does not provide anyone other than participants, beneficiaries, or fiduciaries with an express cause of action . . . ."); *Nechis v. Oxford Health Plans, Inc.*, 421 F.3d 96, 100 (2d Cir. 2005) (holding that only members of the enumerated classes have standing to bring a civil action under ERISA Section 502(a)(3)); *Tuvia Convalescent Ctr. v. National Union of Hosp. & Health Care Employees,* 717 F.2d 726, 729-30 (2d Cir. 1983); *Pressroom Unions-Printers League Income Sec. Fund v. Continental Assurance Co.*, 700 F.2d 889, 892 (2d Cir. 1983) (rejecting standing of the Plan itself on grounds that § 1132(a) limits standing to a participant, beneficiary or fiduciary); *Park v. Trustees of 1199 Seiu Health Care Employees Pension Fund*, 418 F. Supp. 2d 343, 351-52 (S.D.N.Y. 2005).

There is no provision for an employer to bring an action under this section. *See* 29 U.S.C. § 1132(a)(1)-(9); 29 U.S.C. § 1002 (defining "employer"); *Tuvia*, 717 F.2d at 729-30; *Amalgamated Cotton Garment & Allied Industries Retirement Fund v. Youngworld Stores Group, Inc.*, No. 99 Civ. 3852 (RCC), 2001 WL 314650, at *3 (S.D.N.Y. Mar. 30, 2001). Second Circuit precedent is clear that the focus is "not on whether the legislative history reveals that Congress intended to prevent actions by employers or other parties, but instead on whether there is any indication that the legislature intended to grant subject matter jurisdiction over suits by employers, funds, or other parties not listed in [Section] 1132(e)(1)." *Id.* at 730 (emphasis in original). In *Tuvia*, the Second Circuit reaffirmed its holding in *Pressroom*, that "ERISA's legislative history is silent on both these questions . . . and we therefore conclude that absent such

expression [Section] 1132(e)(1) should be viewed as an exclusive jurisdictional grant." *Tuvia*, 717 F.2d at 730 (citing *Pressroom*, 700 F.2d at 892). Thus, at least as a general rule within the Second Circuit, employers have no standing to sue under ERISA.

The clarity of the rule announced in those cases, however, is misleadingly simple. Atlantic Air points out that "whether . . . an . . . entity is an ERISA fiduciary must be determined by focusing on the function performed, rather than on the title held." *Blatt v. Marshall & Lassman*, 812 F.2d 810, 812 (2d Cir.1987). "An entity need not have absolute discretion with respect to a benefit plan in order to be considered a fiduciary." *Id.* at 812. An entity need only have "sufficient control over at least a part of the [plan] assets to create a fiduciary relationship." *United States v. Glick*, 142 F.3d 520, 528 (2d Cir.1998); *see also New York State Teamsters Council Health and Hosp. Fund v. Centrus Pharmacy Solutions*, 235 F. Supp. 2d 123, 126 (N.D.N.Y. 2002). There is nothing in the statute that prohibits an employer from also acting as a fiduciary.

Plaintiff's citation to *United States Steel Corp. v. Commonwealth of Pennsylvania*, 669 F.2d 124 (3d Cir. 1982), is illustrative. The Third Circuit held in *United States Steel Corp.*, that merely being an employer does not preclude an entity from also being a "fiduciary" under the statute. The court explained, "[T]he extent that the statute speaks to the matter at all, it contemplates that there will be situations in which an 'employer' will elect to serve as a 'fiduciary' for its employee benefit plan." *Id.* at 127. Though it has not made a definitive holding, the Second Circuit has since expressed agreement with this position:

> We agree with the plaintiffs that there is a legislative presumption that not infrequently the same entity would be both employer and fiduciary and that an employer who sponsors an employee benefit plan for its employees and

determines the terms of its employees health insurance plan, is a fiduciary under
ERISA. However, the employer must exercise the requisite degree of control and
discretion to be held liable as a fiduciary.

*Geller v. County Line Auto Sales, Inc.*, 86 F.3d 18, 21 (2d Cir. 1996) (citing *United States Steel Corp.*, 669 F.2d at 127). As a result, the fact that Atlantic Air is an "employer" does not preclude it from being a "fiduciary" as well.

That is not the end of the inquiry, however, as the Court must apply the relevant analysis to determine whether Atlantic Air could be accurately termed an ERISA "fiduciary." Pursuant to ERISA, a person is a fiduciary with respect to a plan to the extent:

> (i) he exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets, (ii) he renders investment advice for a fee or other compensation, direct or indirect, with respect to any moneys or other property of such plan, or has any authority or responsibility to do so, or (iii) he has any discretionary authority or discretionary responsibility in the administration of such plan.

29 U.S.C. § 1002(21).

The TPC asserts at the outset that the action is "brought by the respective Defendant/Third Party Plaintiff Employer, in it's [*sic*] fiduciary capacity, to secure performance by the Third Party Defendants who breached their fiduciary obligations to submit the disputed monetary contributions to the plaintiff as alleged in the first party complaint and first party answer." (TPC ¶ 4.) The TPC constantly refers to the problems that Defendants McCarthy and Raimondi caused David Wood and Atlantic Air, and refers to fiduciary duties breached by Defendants McCarthy and Raimondi, but it never again references any ERISA-relevant, fiduciary duties exercised by Atlantic Air. And it certainly does not reference the requirements as set forth in 29 U.S.C. § 1002(21).

In its opposition memorandum, Atlantic Air argues that "[t]he pleadings also state that the Third Party Defendants executed the . . . collective bargaining agreement and had a fiduciary duty to make the employee contributions." (Atlantic Air's Opp'n Mem. at 6.) The argument misses the mark. Atlantic Air focuses on the fiduciary status of the "Third Party Defendants," *i.e.*, Defendants McCarthy and Raimondi. But the relevant question is Atlantic Air's standing, which comes by way of Atlantic Air's fiduciary status; the fiduciary status of the Third Party Defendants is irrelevant.

The supporting affidavit submitted by Atlantic Air is of little assistance. The Affidavit of David Wood, dated October 26, 2005 ("Wood Aff."), repeatedly refers to "fiduciary duties," but it is unclear who the fiduciary is. Wood refers to McCarthy and Raimondi "loot[ing] corporate assets in perpetrating this breach of their fiduciary obligations to Atlantic Air" (Wood Aff. ¶ 2), and asserts that he "had to immediately assume the duties of McCarthy and Raimondi in order to restore the assets that [he] had a fiduciary duty to exercise control over and dispose of only for the Plan's benefit" (*Id.* ¶ 5.) The balance of the affidavit indicates that he made numerous payments on behalf of Atlantic Air to the First Party Plaintiff in the exercise of Atlantic Air's "fiduciary care," but it is unclear whether these are the ERISA-related fiduciary duties that are relevant to the present suit.

As this is a 12(b)(1) motion, "[i]t is the affirmative burden of the party invoking [federal subject matter] jurisdiction . . . to proffer the necessary factual predicate-not just an allegation in a complaint-to support jurisdiction." *Polishook*, 189 F.3d at 199. The TPC and the Wood's affidavit contain a dearth of factual allegations indicating that Atlantic Air exercised any discretionary authority or discretionary control respecting management of the ERISA plan or

assets, rendered any investment advice for a fee or other compensation, direct or indirect, with respect to any monies or other property of such plan, or had any authority or responsibility to do so, or had any discretionary authority or discretionary responsibility in the administration of such plan. *See* 29 U.S.C. § 1002(21). In fact, Wood's affidavit suggests that Atlantic Air did not hold these fiduciary duties, but rather Wood himself did. (*See* Wood Aff. ¶ 5 (asserting that Wood "had to immediately assume the duties of McCarthy and Raimondi in order to restore the assets that [he] had a fiduciary duty to exercise control over and dispose of only for the Plan's benefit").) To that end, the Wood affidavit might support ERISA standing for Wood, but not Atlantic Air. That being the case, there are no allegations in the TPC upon which this Court could conclude that the Third Party Plaintiff Atlantic Air is a fiduciary with ERISA standing.

## *CONCLUSION*

In sum, Atlantic Air has not met its affirmative burden to proffer the requisite factual predicate to support a finding of standing pursuant to Rule 12(b)(1). Accordingly, the Court GRANTS Third-Party Defendants' motion to dismiss. Should Atlantic Air find itself able to cure the deficiencies noted above, it is free to submit an Amended Complaint on or before October 23, 2006.

**SO ORDERED.**

Dated: Central Islip, N.Y.  /s/
September 19, 2006  Denis R. Hurley
United States Senior District Judge